UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY HASTINGS,<br><br>                 Plaintiff,<br><br>v.<br><br>THE UNITED STATES POSTAL SERVICE and THE UNITED STATES OF AMERICA,<br><br>                 Defendants. | Case No.: 16cv1259 JM (JLB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

The United States Postal Service ("the Postal Service") and the United States of America ("the United States") (collectively, "Defendants") move to dismiss the first amended complaint ("FAC") of Plaintiff Wendy Hastings for lack of subject matter jurisdiction and failure to state a claim. (Doc. No. 10.) Plaintiff opposes the motion. The court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1) and, for the following reasons, grants Defendants' motion.

## BACKGROUND

On September 15, 2015, Plaintiff fell while visiting a San Diego post office, fracturing her kneecap and arm. (See generally Doc. No. 8.) About two months later, and pursuant to the Federal Tort Claims Act ("FTCA"), Plaintiff filed an administrative

1

claim with the Postal Service for injuries incurred as a result of that fall. (See id. at 3, ¶ 9.) The Postal Service denied the claim on April 27, 2016. (See Doc. No. 10-3 at 6–7.) Thereafter, in May 2016, Plaintiff initiated this action, filing a complaint ("the original complaint"), again pursuant to the FTCA, against the Postal Service. (Doc. No. 1.) Plaintiff did not name the United States as a defendant in the original complaint. (See id. ¶ 3.) Plaintiff served the Postal Service, (see Doc. No. 5), but there is no record on the docket, or allegations in the FAC, that Plaintiff personally delivered, hand delivered, or physically mailed process (i.e., the original complaint and summons) to either the United States Attorney's Office or Attorney General. While the United States Attorney's Office received an automatic, court-generated notice of electronic filing ("NEF")[1] for both the original complaint and summons,[2] the Attorney General did not receive an NEF for either.

On May 8, 2017, the Postal Service moved to dismiss the original complaint for lack of subject matter jurisdiction. Four days later, Plaintiff filed the FAC, adding the United States as a defendant for the first time. (See Doc. No. 8.) Defendants filed the instant motion two weeks later.

## LEGAL STANDARDS

Defendants move to dismiss the FAC under two different provisions of Federal Rule of Civil Procedure 12.

### I. Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and

---

[1] An NEF is an email giving notice of the electronic filing; it is not the actual filed document. Instead, the party receiving the email may download the filed document from a link contained in the email.

[2] The court grants Plaintiff's request for judicial notice of the NEFs and case docket. (Doc. No. 13.)

2

dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998). A party may make either a facial or factual attack on subject matter jurisdiction. See, e.g., Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). In resolving a facial challenge, as Defendants make here, the court considers whether "the allegations contained in [the] complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The court must accept the allegations as true and must draw all reasonable inferences in Plaintiff's favor, Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004), but ultimately, as the party putting the claims before the court, Plaintiff bears the burden of establishing jurisdiction, Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

**II.     Rule 12(b)(6) – Failure to State a Claim**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the pleadings. To overcome such a motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facts merely consistent with a defendant's liability are insufficient to survive a motion to dismiss because they establish only that the allegations are possible rather than plausible. Id. at 678–79. The court must accept as true the facts alleged in a well-pled complaint, but mere legal conclusions are not entitled to an assumption of truth. Id. The court must construe the pleading in the light most favorable to the non-moving party. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995).

**DISCUSSION**

The court will first address Plaintiff's claim against the Postal Service before turning to Plaintiff's claim against the United States.

///

## I. Plaintiff's Claim Against the Postal Service

The FAC, which asserts a single claim under the FTCA, names both the United States and the Postal Service as defendants. Defendants argue that only the United States is properly within the court's jurisdiction. The court agrees.

Although FTCA claims can arise from the acts or omissions of United States agencies, see 28 U.S.C. § 2671, a federal agency is not subject to suit under the FTCA, see 28 U.S.C. § 2679(a)–(b)(1); Allen v. Veterans Administration, 749 F.2d 1386, 1388 (9th Cir. 1984) ("Individual agencies of the United States may not be sued [under the FTCA]."). Instead, the "FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States." F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998); Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The United States is the only proper defendant in an FTCA action."); Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998) ("Because the United States is the only proper party defendant in an FTCA action, the district court correctly dismissed [the] complaint as improperly filed against the Postal Service . . . .").

Based on this clear authority, the court grants Defendants' motion to dismiss Plaintiff's claim against the Postal Service, with prejudice, for lack of jurisdiction.

## II. Plaintiff's Claim Against the United States

Defendants argue that Plaintiff's claim against the United States is time barred because: (1) the six-month limitations period to bring suit against the United States expired before Plaintiff filed the FAC, and (2) the FAC does not relate back to the original complaint. The court agrees in both respects.

### A. Plaintiff Filed the FAC Too Late

Under the FTCA, when a federal agency denies an administrative claim, a claimant must file suit within six months from the date the agency mailed notice of final denial of the claim. See 28 U.S.C.S. § 2401(b); Adams v. United States, 658 F.3d 928, 933 (9th Cir. 2011). The letter denying Plaintiff's claim was mailed on April 27, 2016; accordingly, Plaintiff had until October 27, 2016, to file suit against the United States

(the only proper defendant, as discussed above). Plaintiff missed the deadline by over six months. The FAC, which named the United States for the first time, was filed on May 12, 2017. Thus, unless the FAC relates back to the original complaint, Plaintiff's FTCA claim against the United States is now time barred.

### B. The FAC Does Not Relate Back

#### 1. The Rules on Relation Back

Federal Rule of Civil Procedure 15(c) allows a plaintiff to amend a complaint, "after a statute of limitation period has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run." See G.F. Co. v. Pan Ocean Shipping Co., 23 F.3d 1498, 1501 (9th Cir. 1994). Generally, an amendment seeking to change a party "relates back" to the original pleading if the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out in the original pleading and, "within the time period provided by Rule 4(m) for serving the summons and complaint [90 days], the party to be brought in by amendment: (i) received notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(i)–(ii). This is often referred to as the "general notice provision." See Miles v. Department of the Army, 881 F.2d 777, 781 (9th Cir. 1989).

When a plaintiff seeks to add the United States as a defendant, an amended complaint will relate back to the original complaint if the plaintiff satisfies either the general notice provision or the so-called "government notice provision" set forth in Rule 15(c)(2). That government notice provision provides that when the United States is added as a defendant by amendment, subdivisions (i) and (ii) of the general notice provision are satisfied if, "during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency." Fed. R. Civ. P. 15(c)(2) (emphasis added).

## 2. Analysis

### a. The Parties' Positions

Defendants argue that Plaintiff cannot satisfy either the general notice provision or the government notice provision. In her opposition, Plaintiff acknowledges that she "is not relying on the general notice provision to invoke the relation back doctrine but instead the government notice provision." (Doc. No. 12 at 6.)[3] Plaintiff claims that she satisfied the government notice provision when "[t]he summons and complaint were 'delivered' and electronically 'mailed'" to the United States Attorney by way of an automatically generated NEF. Plaintiff's argument, in a nutshell, is that an NEF, sent by the court to an email account maintained by the United States Attorney's Office, constitutes "process" that is "delivered" or "mailed" as the terms are used in Rule 15(c)(2). Defendants, in reply, contend that "[n]othing in Rule 15(c)(2) or the Federal Rules of Civil Procedure supports such a novel interpretation of the terms 'delivered' or 'mailed.'"[4]

---

[3] Plaintiff's concession on this point is merited. To satisfy the general notice provision, the Ninth Circuit requires that both the United States Attorney and the Attorney General receive notice during the statutory period. See Miles, 881 F.2d at 782 (stating that "a plaintiff may substitute the United States as a defendant after the expiration of the statute of limitations only if both the U.S Attorney and the Attorney General received notice prior to the running of the statutory period"); Allen, 749 F.2d at 1390 ("Only if the United States Attorney and the Attorney General receive notice of the suit prior to the running of the statute of limitations will a plaintiff be allowed to substitute the United States as a defendant under Rule 15(c)."). Here, there is no allegation that the Attorney General received any notice of the original complaint, via an NEF or otherwise.

[4] Defendants also claim that the "only 'process,' i.e., summons and complaint, delivered or mailed to the United States Attorney or Attorney General in this case occurred on March 9, 2017 and March 15, 2017, respectively, almost 10 months after Plaintiff filed suit." In support, Defendants attach the declaration of Mary C. Wiggins, Civil Process Clerk at the United States Attorney's Office for the Southern District of California. The court cannot consider Ms. Wiggins's declaration on a Rule 12(b)(6) motion to dismiss, however. Rather, in deciding a Rule 12(b)(6) motion, a court may consider only the face of the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. United States v. Ritchie, 342

### b. The Court's View

The Ninth Circuit instructs that "Rule 15(c) is to be interpreted literally." Miles, 881 F.2d at 782. Reading Rule 15(c)(2) literally, the court finds that it does not embrace automatically generated email notifications of filings that allow the recipients of those emails to download the filings. To the contrary, a literal interpretation of the terms "process," "delivered" and "mailed" suggest that a copy of the complaint and summons must be personally or hand delivered, or put in the U.S. Mail. Indeed, in evaluating those terms as they are used in other Federal Rules of Civil Procedure, numerous courts have determined the same. See, e.g., Magnuson v. Video Yesteryear, 85 F.3d 1424, 1431 (9th Cir. 1996) (stating that "mail" as used in Rule 5 means U.S. Mail); Rhodes v. U.S. I.R.S., 2010 WL 5392636, at *4 (D. Ariz. Dec. 28, 2010) (stating that "delivery of the complaint and summons" as used in Rule 4(i)(1)(A) "means personal service" (citing Whale v. United States, 792 F.2d 951, 953 (9th Cir. 1986)); Gabriel v. United States, 30 F.3d 75, 77 (7th Cir. 1994) (holding that "delivering a copy of the summons and of the complaint on the United States Attorney," as stated in Rule 4, "require[s] that the United States Attorney be personally served").

Moreover, as Defendants point out, if the promulgators of the Federal Rules of Civil Procedure intended for Rule 15 to encompass electronic means, they could have said so. They certainly know how to make the distinction between "mailing" and "delivering," on the one hand, and "sending . . . by electronic means," on the other—Rule 5 does just that. See Fed. R. Civ. P. 5 (allowing service by electronic means only if the recipient consented in writing, and only for orders, pleadings "filed after the original

---

F.3d 903, 907–08 (9th Cir. 2003); Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1020 (C.D. Cal. 2015). Thus, instead of accepting the facts as declared by Ms. Wiggins, the court notes the absence of facts (in the form of allegations in the FAC) or even argument (in Plaintiff's opposition) demonstrating that Plaintiff mailed or delivered process, in any manner other than an NEF, to the United States Attorney or Attorney General within the period provided by Rule 4(m).

complaint," discovery papers, motions, and other similar papers (emphasis added)). Unlike Rule 5, Rule 15 makes no mention of electronic means.

Nor do the Advisory Committee Notes accompanying Rule 15 suggest that delivering or mailing process includes sending by electronic means. The 1966 amendment of Rule 15, which added the government notice provision, refers to Rule 4: "[I]n the government cases[,] the first and second requirements [of the general notice requirement, Rule 15(c)(1)(C)(i)–(ii)] are satisfied when the government has been notified in the manner there described (see Rule 4(d)(4) and (5))." Fed. R. Civ. P. 15 advisory committee's notes to 1966 Amendment, 39 F.R.D. 69, 83 (1966). The referenced provisions of Rule 4 (currently Rule 4(i)(1)–(2)) provide, in turn, that service on the United States Attorney is accomplished in one of two ways: by "(i) deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send[ing] a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i).

Again, there is no mention of electronic means. And in fact, it was only in 1993 that Rule 4 was amended "to permit the United States attorney to be served by registered or certified mail." See Fed. R. Civ. P. 4 advisory committee's notes to 1993 Amendment (emphasis added). Since common sense suggests that this amendment aimed to make service less burdensome on plaintiffs, rather than more, and since service by electronic means is explicitly provided for in other circumstances but is absent from Rule 4, there is no reason to believe that Rule 4 has at any time, then or now, included electronic means.[5]

---

[5] A contrary result would allow plaintiffs in the Southern District of California to rely on the NEF to serve process on the United States Attorney whenever they file a case against a federal government agency. That would nullify not only the requirements of Rule 4, but also the requirements of the court's own local rules. See CivLR 4.1.a; see also e.g., Mares v. United States, No. 13-cv-6187-CJS, 2014 U.S. Dist. LEXIS 77465, *6–7

Thus, the court agrees with Defendants that "if the terms 'delivery' or 'mail' in Rule 4(i) do not include delivery or mail by electronic means and instead require hard copy mailing or delivery of the summons and complaint, the same should hold true for Rule 15(c)(2)," especially considering the Advisory Committee's own citation to Rule 4. See Magnuson v. Video Yesteryear, 85 F.3d 1424, 1431 (9th Cir. 1996) ("Nor, on a practical level, does it make sense to adopt an approach that interprets the term 'mail' differently for the purposes of different rules within the Federal Rules of Civil Procedure.").

In short, the plain text of Rule 15(c)(2), its contrast with Rule 5, and the Advisory Committee's guidance all indicate that the government notice provision cannot be satisfied by means of an NEF.

Furthermore, it bears noting that Plaintiff's interpretation of Rule 15(c)(2) implicates the United States' sovereign immunity, and the court must strictly construe any waiver by the United States of its sovereign immunity. As the Supreme Court proclaimed in United States v. Kubrick, 444 U.S. 111 (1979), "We should also have in mind that the [FTCA] waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended." Id. at 117–18; see also United States v. Nordic Vill. Inc., 503 U.S. 30, 34 (1992) ("[T]he traditional principle [is] that the Government's consent to be sued must be construed strictly in favor of the sovereign, and not enlarged beyond what the language requires." (internal quotations and alterations omitted)); Eno v. Jewell, 798 F.3d 1245, 1252 (9th Cir. 2015) (stating that the Ninth Circuit "strictly construe[s] waivers of sovereign immunity").

---

(W.D.N.Y. June 5, 2014) (rejecting argument that service on the United States Attorney was accomplished through the court's electronic case filing system where the United States Attorney's Office in the Western District of New York was a registered user and stating that an "initial pleading in a lawsuit cannot be served electronically and must be served in the manner specified by Rule 4").

If the court were to find that an NEF constitutes mail or delivery of process—something no other court appears to have done—it would broaden the scope of the relation back doctrine, which would broaden the FTCA's limited waiver of sovereign immunity, which would run counter to Supreme Court and Ninth Circuit authority. The court therefore declines to take that step. Cf. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1018 (9th Cir. 2002) ("leav[ing] it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case" while noting that "except for the provisions recently introduced into Rule 5(b), email service is not available absent a Rule 4(f)(3) court decree").

In sum, Plaintiff does not allege that she mailed or delivered process in compliance with Rule 15(c)(2) within the time permitted.[6] Consequently, the FAC does not relate back to the original complaint, and the court must grant Defendants' motion. Plaintiff's claim against the United States is dismissed without prejudice. If Plaintiff can plausibly allege that she mailed or delivered process on either the United States Attorney or the Attorney General in accordance with Rule 15(c)(2) and the principles laid out in this order, she may filed a second amended complaint within fourteen days.

## CONCLUSION

For the foregoing reasons, the court grants Defendants' motion. Plaintiff's claim against the Postal Service is dismissed with prejudice and without leave to amend. Plaintiff's claim against the United States is dismissed with leave to amend. Plaintiff may filed a second amended complaint within fourteen days of this order.

IT IS SO ORDERED.

DATED: July 10, 2017

JEFFREY T. MILLER
United States District Judge

---

[6] Although Plaintiff served the original complaint on the Postal Service, that service does not satisfy Rule 15(c)(2) under Ninth Circuit precedent. See Williams v. United States, 711 F.2d 893, 898 (9th Cir. 1983) ("However, we will not impute the knowledge of a government agency to the U.S. Attorney or the U.S. Attorney General.").