UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY HASTINGS,<br><br>         Plaintiff,<br><br>v.<br><br>THE UNITED STATES POSTAL SERVICE and THE UNITED STATES OF AMERICA,<br><br>         Defendants. | Case No.: 16cv1259 JM (JLB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

  The United States Postal Service ("the Postal Service") and the United States of America ("the United States") (collectively, "Defendants") move to dismiss Plaintiff Wendy Hastings' second amended complaint ("SAC") for lack of subject matter jurisdiction and failure to state a claim. (Doc. No. 19.) Plaintiff opposes the motion. The court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1) and, for the following reasons, grants Defendants' motion.

## BACKGROUND

  On September 15, 2015, Plaintiff fell while visiting a San Diego post office, fracturing her kneecap and arm. (See generally Doc. No. 8.) About two months later, pursuant to the Federal Tort Claims Act ("FTCA"), Plaintiff filed an administrative claim

with the Postal Service for injuries incurred as a result of that fall.  (See id. at 3, ¶ 9.)  On April 27, 2016, the Postal Service denied her claim.[1]  (See Doc. No. 10-3 at 6–7.)  On May 26, 2016, Plaintiff initiated this action, filing a complaint ("the original complaint"), again pursuant to the FTCA, against the Postal Service.  (Doc. No. 1.)  Plaintiff did not name the United States as a defendant in the original complaint.  (See id. at ¶ 3.)  Plaintiff served the Postal Service, (see Doc. No. 5), but there is no record on the docket, or allegations in the SAC, that either the United States Attorney's Office or Attorney General received personally delivered, hand delivered, or physically mailed process (i.e., the original complaint and summons).  While the United States Attorney's Office received an automatic, court-generated notice of electronic filing ("NEF")[2] for both the original complaint and summons,[3] the Attorney General did not receive an NEF for either.

On May 8, 2017, the Postal Service moved to dismiss the original complaint for lack of subject matter jurisdiction.  Four days later, Plaintiff filed her first amended complaint ("FAC"), adding the United States as a defendant for the first time.  (See Doc. No. 8.)  In response, Defendants moved to dismiss the FAC for lack of subject matter jurisdiction and failure to state a claim.  (See Doc. No. 10.)  The court granted Defendants' motion.  (Doc. No. 18.)  The court dismissed Plaintiff's claim against the Postal Service, with prejudice, for lack of jurisdiction.  (Id.)  The court also dismissed Plaintiff's claim against the United States as untimely, but gave Plaintiff leave to amend only if she could "plausibly allege that she mailed or delivered process on either the United States Attorney or the Attorney General in accordance with Rule 15(c)(2) and the principles laid out in this order."  (Id. at

---

[1] Pursuant to Federal Rule of Evidence 201, the court grants Defendants' request for judicial notice of the letter issued by the Postal Service denying Plaintiff's administrative tort claim.  (Doc. No. 21-2.)

[2] An NEF is an email giving notice of the electronic filing; it is not the actual filed document.  Instead, the party receiving the email may download the filed document from a link contained in the email.

[3] The court grants Plaintiff's request for judicial notice of the NEFs and case docket.  (Doc. No. 22-1.)

10.) The court's July 10, 2017 order ("July 10 Order") discussed in detail why Rule 15(c)(2) cannot be satisfied by means of an NEF.

On July 20, 2017, Plaintiff filed the SAC. (Doc. No. 19.) Two weeks later, Defendants filed the instant motion to dismiss the SAC for lack of subject matter jurisdiction and failure to state a claim. (Doc. No. 21.)

## LEGAL STANDARDS

Defendants move to dismiss the SAC under two different provisions of Federal Rule of Civil Procedure 12.

### I. Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). A party may make either a facial or factual attack on subject matter jurisdiction. See, e.g., Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). In resolving a facial challenge, as Defendants make here, the court considers whether "the allegations contained in [the] complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The court must accept the allegations as true and must draw all reasonable inferences in Plaintiff's favor, Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004), but ultimately, as the party putting the claims before the court, Plaintiff bears the burden of establishing jurisdiction, Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

### II. Rule 12(b)(6) – Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the pleadings. To overcome such a motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facts merely consistent with a defendant's liability are insufficient to survive a motion to dismiss because they establish only that the allegations are possible rather than plausible. Id. at 678–79. The court must accept as true the facts alleged in a well-pled complaint, but mere legal conclusions are not entitled to an assumption of truth. Id. The court must construe the pleading in the light most favorable to the non-moving party. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995).

## DISCUSSION

The court will first address Plaintiff's claim against the Postal Service before turning to her claim against the United States.

### I. Plaintiff's Claim Against the Postal Service

The United States is the only proper defendant in an action brought under the FTCA. See 28 U.S.C. § 2679(a)–(b)(1). Federal agencies, such as the Postal Service, are not subject to suit under the FTCA. See id.; Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998) ("Because the United States is the only proper party defendant in an FTCA action, the district court correctly dismissed [the] complaint as improperly filed against the Postal Service . . . ."); Allen v. Veterans Admin., 749 F.2d 1386, 1388 (9th Cir. 1984) ("Individual agencies of the United States may not be sued [under the FTCA].") Accordingly, in its July 10 Order, the court dismissed Plaintiff's claim against the Postal Service with prejudice. (Doc. No. 18.) Nevertheless, Plaintiff once again listed the Postal Service as a defendant in the caption of her SAC, (Doc. No. 19), despite noting that it is "the wrong defendant." (Doc. No. 22 at 4.) Therefore, the court will again dismiss Plaintiff's claim against the Postal Service, with prejudice, for lack of jurisdiction.

### II. Plaintiff's Claim Against the United States

Defendants argue that, as in her FAC, Plaintiff's SAC claim against the United States is time-barred because: (1) the six-month limitations period to bring suit against the United States expired before Plaintiff filed the SAC, and (2) the SAC does not relate back to the original complaint. As before, the court agrees in both respects.

### A. Plaintiff Filed the SAC Too Late

Under the FTCA, when a federal agency denies an administrative claim, a claimant must file suit within six months from the date the agency mailed notice of final denial of the claim. See 28 U.S.C.S. § 2401(b); Adams v. United States, 658 F.3d 928, 933 (9th Cir. 2011). The Postal Service mailed the letter denying Plaintiff's claim on April 27, 2016; accordingly, Plaintiff had until October 27, 2016, to file suit against the United States (the only proper defendant, as discussed above). Plaintiff missed the deadline by over eight months. Plaintiff filed the SAC, which named the United States as a defendant, on July 20, 2017. (Doc. No. 19.) Therefore, unless the SAC relates back to the original complaint, Plaintiff's FTCA claim against the United States is now time-barred.

### B. The SAC Does Not Relate Back

#### 1. The Rules on Relation Back

Federal Rule of Civil Procedure 15(c) allows a plaintiff to amend a complaint, "after a statute of limitations period has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run." See G.F. Co. v. Pan Ocean Shipping Co., 23 F.3d 1498, 1501 (9th Cir. 1994). Generally, an amendment seeking to change a party "relates back" to the original pleading if the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out in the original pleading and, "within the time period provided by Rule 4(m) for serving the summons and complaint [90 days], the party to be brought in by amendment: (i) received notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(i)–(ii). This is often referred to as the "general notice provision." See Miles v. Dep't of the Army, 881 F.2d 777, 781 (9th Cir. 1989).

When a plaintiff seeks to add the United States as a defendant, however, an amended complaint will relate back to the original complaint if the plaintiff satisfies the so-called "government notice provision" set forth in Rule 15(c)(2). That government notice provision provides that when the United States is added as a defendant by amendment,

subdivisions (i) and (ii) of the general notice provision are satisfied if, "during the stated period, <u>process</u> was <u>delivered</u> or <u>mailed</u> to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency." Fed. R. Civ. P. 15(c)(2) (emphasis added).

### 2. Analysis

#### a. The Parties' Position

Plaintiff's claim against the United States arose out of the occurrence set out in her original complaint. At issue is the matter of notice. Defendants argue that Plaintiff still cannot satisfy the government notice provision.[4] In her opposition, Plaintiff does not claim that the United States Attorney's Office received notice by delivery or mail in compliance with Rule 15(c)(2), as analyzed in the July 10 Order, within the time permitted.[5] Instead, Plaintiff makes another attempt at arguing that an NEF, sent by the court to an email account maintained by the United States Attorney's Office, constitutes "process" that is "delivered" or "mailed" as the terms are used in Rule 15(c)(2). In reply, Defendants contend that Plaintiff "cites no controlling case law that compels or even advocates the conclusion that an NEF satisfies the government notice provision." Defendants also argue

---

[4] Plaintiff does not argue that she satisfied the general notice provision because, under Ninth Circuit authority, it requires that both the United States Attorney <u>and</u> the Attorney General receive notice during the statutory period. See <u>Miles</u>, 881 F.2d at 782 (stating that "a plaintiff may substitute the United States as a defendant after the expiration of the statute of limitations only if both the U.S. Attorney and the Attorney General received notice prior to the running of the statutory period"); <u>Allen</u>, 749 F.2d at 1390 ("Only if the United States Attorney and the Attorney General receive notice of the suit prior to the running of the statute of limitations will a plaintiff be allowed to substitute the United States as a defendant under Rule 15(c)."). Here, Plaintiff does not allege that the Attorney General received any notice of the original complaint, via an NEF or otherwise.

[5] The court reiterates the point made in its July 10 Order that although Plaintiff served the original complaint on the Postal Service, that service does not satisfy Rule 15(c)(2) under Ninth Circuit precedent. See <u>Williams v. United States</u>, 711 F.2d 893, 898 (9th Cir. 1983) ("However, we will not impute the knowledge of a government agency to the U.S. Attorney or the U.S. Attorney General.").

that Plaintiff's SAC is an "improper attempt to relitigate the same facts and issue previously decided" by the court.

### b. The Court's View

In its July 10 Order, the court explained in detail why the government notice provision of Rule 15(c)(2) cannot be satisfied by means of an NEF. (See Doc. No. 18.) The court reached its conclusion based on the plain text of Rule 15(c)(2), its contrast with Rule 5, and the Advisory Committee's guidance. The court also considered how finding that an NEF constitutes mail or delivery of process would broaden the FTCA's limited waiver of sovereign immunity. Plaintiff, in both her SAC and opposition to the instant motion, disregards the court's July 10 Order.

The general notice provision and the government notice provision are two distinct parts of Rule 15(c). As such, the Advisory Committee Notes and case law on the general notice provision do not necessarily apply to the government notice provision. Nevertheless, Plaintiff relies on the Advisory Committee's comment that notice under the general notice provision "need not be formal" to support her use of an NEF to provide the government with notice of her FTCA claim. However, as Defendants point out, doing so ignores the very next sentence in the Advisory Committee Notes, which specifies that the government notice provision is satisfied "when the government has been notified in the manner described (see [current Rule 4(i)(1)–(2)])." Fed. R. Civ. P. 15 Advisory Committee's Notes to 1966 Amendment, 39 F.R.D. 69, 83 (1966). Therefore, case law on the general notice provision that Plaintiff cites in support of informal notice under the government notice provision is unpersuasive.

Regarding the terms of the government notice provision, the Ninth Circuit instructs that "Rule 15(c) is to be interpreted literally." Miles, 881 F.2d at 782. Doing so led to the court's earlier determination that the terms "process," "delivered," and "mailed" in Rule 15(c)(2) suggest that a copy of the complaint and summons must be personally or hand delivered, or put in the U.S. Mail. Plaintiff instead looks to an unpublished Tenth Circuit decision to support a more liberal interpretation of the government notice provision. See

Herman v. Utah Nat. Guard, 1991 WL 50203, *2–3 (10th Cir. 1991) (concluding that notice by facsimile satisfies the government notice provision). As noted by Defendants, the Tenth Circuit expressly stated that its decision in Herman "has no precedential value and shall not be cited" except in situations not present here. Id. Plaintiff offers no reason why a district court within the Ninth Circuit should follow an out-of-circuit case without precedential value, and the court finds none. In sum, the court's ruling in Herman does not aid Plaintiff because it runs contrary to Ninth Circuit authority and is not even controlling within its own circuit.

The two Ninth Circuit cases relied upon by Plaintiff that address the government notice provision are distinguishable from this case because they present situations in which the defendant received process by delivery or mail. Plaintiff focuses on the fact that the plaintiff did not directly deliver or mail process to the United States Attorney to satisfy Rule 15(c)(2). See Miles, 881 F.2d at 782; Batchelder v. United States, 902 F.2d 38 at n.1 (9th Cir. 1990). However, in Miles, "process was indeed mailed to the U.S. Attorney," even though the plaintiff did not mail the process himself. Miles, 881 F.2d at 782 (emphasis added). That mailing of process to the United States Attorney was "consistent with a literal reading" of Rule 15(c)(2). Id. In Batchelder,[6] the plaintiff alleged that the United States Attorney's Office "had possession of the original summons and complaint" before the expiration of the statutory period. Batchelder, 902 F.2d at *2 (emphasis added). As a result, the Ninth Circuit remanded the case to the district court to determine whether that allegation was true. Id. at *3. Here, in contrast, Plaintiff makes no allegation that the United States Attorney's Office received process by delivery or mail. She relies solely on the NEF. An NEF does not constitute delivery or mailing of process as contemplated in Rule 15(c)(2). Therefore, she has not met the requirements of the government notice

---

[6] As Defendants note, Batchelder is an unpublished disposition issued before January 1, 2007. As such, under Ninth Circuit Rule 36-3(c), it cannot be cited to the courts in this circuit excepted under circumstances not present in this case. 9th Cir. R. 36-3.

8

16cv1259 JM (JLB)

provision and her SAC does not relate back to her original complaint.

Lastly, Plaintiff does not offer any compelling reason to broaden the scope of the government notice provision in the relation back doctrine, which would in turn broaden the FTCA's limited waiver of sovereign immunity in a manner contrary to Supreme Court and Ninth Circuit authority. See United States v. Kubrick, 444 U.S. 111, 117–18 (1979) ("We should also have in mind that the [FTCA] waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended."); Eno v. Jewell, 798 F.3d 1245, 1252 (9th Cir. 2015) (stating that the Ninth Circuit "strictly construe[s] waivers of sovereign immunity"). Plaintiff asserts that if Congress intended to limit the government notice provision to comply with Rule 4, "the Rule [15(c)(2)] would so state." (Doc. No. 22 at 9.) The Advisory Committee Notes do just that. Fed. R. Civ. P. 15 Advisory Committee's Notes to 1966 Amendment, 39 F.R.D. 69, 83 (1966) (specifying that the government notice provision is satisfied "when the government has been notified in the manner described (see [current Rule 4(i)(1)–(2)])"). The court declines to broaden the government notice provision in a manner contrary to the plain text of the rule, the Advisory Committee's guidance, and Supreme Court and Ninth Circuit authority on sovereign immunity.

In sum, Plaintiff uses her SAC, not as a means to allege additional facts, but to relitigate issues the court already decided in its July 10 Order. Consequently, the court reaches the same conclusion as before. An NEF does not satisfy the government notice provision. Because Plaintiff has not alleged that she provided the United States Attorney with any form of notice apart from the NEF within the applicable time period, the SAC does not relate back to the original complaint, and the court must grant Defendants' motion. Plaintiff has already been given the opportunity to allege additional facts that would demonstrate that the United States Attorney or Attorney General received process by delivery or mail, but from the content of her SAC it is apparent that Plaintiff cannot do so. Therefore, Plaintiff's claim against the United States is dismissed with prejudice.

9

## CONCLUSION

For the foregoing reasons, the court grants Defendants' motion. Plaintiff's claim against the Postal Service is dismissed with prejudice and without leave to amend. Plaintiff's claim against the United States is dismissed with prejudice and without leave to amend. The Clerk of Court is directed to close the file.

IT IS SO ORDERED.

DATED: October 2, 2017

JEFFREY T. MILLER
United States District Judge